IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CARTER PAGE, | § | |
| | § | No. 69, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No: S20C-07-030 |
| OATH INC., | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: November 10, 2021
Decided: January 19, 2022

Before **SEITZ**, Chief Justice; **VALIHURA**, **VAUGHN**, **TRAYNOR**, and **MONTGOMERY-REEVES**, Justices, constituting the Court *en banc*.

*PER CURIAM:*

# O R D E R

This 19th day of January, 2022, the Court has considered the parties' briefs, the record on appeal, and the argument of counsel, and it appears that:

(1)    In July 2020, Carter Page filed a defamation action in the Superior Court against Oath, Inc., alleging that certain of Oath's subsidiaries had published articles falsely accusing him of colluding with Russian agents to interfere with the 2016 presidential election.

(2)    Shortly after that, Page's Delaware counsel moved under Delaware Superior Court Civil Rule 90.1 for the admission *pro hac vice* of L. Lin Wood, a

lawyer licensed to practice in Georgia, so that he could appear as Page's attorney in Page's defamation action. The court granted the motion.

(3) After Page filed an amended complaint, Oath moved to dismiss it. The parties briefed the motion and, on December 16, 2020, the court notified counsel that the court would hear oral argument on the motion on January 13, 2021.

(4) Two days later, the Superior Court *sua sponte* issued a Rule to Show Cause directing Wood to show why his admission *pro hac vice* should not be revoked. According to the Rule, "[i]t appear[ed] to the Court that, since the granting of Mr. Wood's [*pro hac vice*] motion, he ha[d] engaged in conduct in other jurisdictions, which, had it occurred in Delaware, would violate the Delaware Lawyers' Rules of Professional Conduct. . . ."[1]

(5) The Rule identified specific concerns regarding Wood's conduct in litigation in Georgia and Wisconsin related to the recent 2020 presidential election on November 3, 2020. Specifically, the court pointed to several pleading irregularities in an action filed in the United States District Court for the Eastern District of Wisconsin. As far as we can tell, the pleadings in that case were not signed by Wood but named him as an "attorney to be noticed." The court also referred to a complaint of questionable merit filed in the United States District Court for the Northern District of Georgia, in which, the court suspected, "Wood filed or

---

[1] App. to Opening Br. at A5.

caused to be filed [an expert affidavit] . . . [,] which contained materially false information. . . ."[2]  In the Georgia case, Wood was the named plaintiff and was represented by counsel.

(6)    The court directed Wood and his Delaware counsel to respond to the Rule to Show Cause by January 6, 2021, and stated that it would "hear counsel on [January 13, 2021—the date set for oral argument on the pending motion to dismiss] in response to the Rule to Show Cause."[3]  The court also invited Oath to state its position, if it had one, but Oath declined.

(7)    In his response, Wood denied generally that he had violated "any of the Delaware Professional Conduct Rules or conduct rules in any other jurisdiction in connection with his involvement in the matters cited by the Court."[4]  More specifically, he noted that he had not appeared as counsel in the Georgia litigation but was the plaintiff and represented by counsel in that matter.  And he further stated that there had been "no claim of sanctionable or disciplinary conduct against [his counsel] or his firm and certainly none against Wood as plaintiff"[5] in the Georgia litigation.  In connection with a questionable affidavit referred to in the Rule to Show

---

[2] App. to Opening Br. at A7.
[3] *Id*. at A8.
[4] *Id.*at A12.
[5] *Id.* at A11.

Cause, Wood "denied any intent of the parties, including himself, to mislead the Court."[6]

(8)     As to the Wisconsin litigation, Wood pointed out that he was not the attorney of record in that matter and was merely listed as "Counsel to be Noticed"[7] on the court's docket sheet.  He further stated that he "never appeared" in the case during the brief eight-day period between the filing date and the date of dismissal.

(9)     Despite legal argument that revocation of his *pro hac vice* admission was not warranted, Wood "request[ed] to withdraw his application for *pro hac vice* admission and his appearance"[8] in this case.

(10)   On January 11, 2021, two days before the hearing on the defendant's motion to dismiss and the court's Rule to Show Cause, the Superior Court issued a Memorandum Opinion and Order revoking its prior order admitting Wood *pro hac vice* and cancelling the January 13 argument on the motion to dismiss.  As of that date, neither the Georgia nor the Wisconsin court had cited Wood for sanctionable conduct.

---

[6] *Id.* at A12.
[7] *Id.*
[8] *Id*. at A14.

(11)  After Wood appealed to this Court, we appointed Matthew F. Boyer, Esquire as *amicus curiae* to file an answering brief in opposition to Wood's opening brief.[9]

(12)  Superior Court Civil Rule 90.1(e) provides that "[t]he Court may revoke a pro hac vice admission sua sponte or upon the motion of a party, if it determines, after a hearing or other meaningful opportunity to respond, the continued admission pro hac vice to be inappropriate or inadvisable." We review a trial court's decision to revoke a lawyer's *pro hac vice* motion for abuse of discretion.[10]

(13)  Despite the concerns expressed by the Superior Court in its Rule to Show Cause regarding whether Wood's conduct in the Georgia and Wisconsin case, had it occurred in Delaware, violated the Delaware Lawyers' Rule of Professional Conduct, it insisted in its opinion and order that it was not engaging in lawyer discipline. Instead, according to the court, it was merely making a determination under Superior Court Civil Rule 90.1(e) of the appropriateness and advisability of Wood's continued *pro hac vice* admission.

(14)  The court did not explain, however, why Wood's request to withdraw his *pro hac vice* application and appearance did not adequately address the court's

---

[9] We thank Mr. Boyer and his associate, Lauren P. DeLuca, for their assistance, which was professionally rendered in the best traditions of the Delaware Bar.

[10] *Vrem v. Pitts*, 44 A. 3d 923, 2012 WL 1622644, at *2 (Del. May 7, 2012) (TABLE) (noting that "the decision whether to admit an out-of-state attorney *pro hac vice* lies within the discretion of the Superior Court" and reviewing the trial court's revisiting and vacating of its prior order admitting attorney under abuse-of-discretion standard).

5

putatively limited concern. Instead, without affording Wood the opportunity to appear at the hearing that was scheduled two days hence, the stated purpose of which was to hear his response to the Rule to Show Cause, the court made factual findings adverse to Wood. For instance, the Court found that Wood's conduct in the Georgia and Wisconsin litigation, "albeit not in [the court's] jurisdiction, exhibited a toxic stew of mendacity, prevarication and surprising incompetence."[11]

(15) The Court also found that the Georgia court's conclusion that there was "no basis in fact or law to grant [Wood] the [injunctive] relief he [sought],"[12] "indicate[d] that the Georgia case was textbook frivolous litigation."[13] Yet neither the Georgia trial court nor the Eleventh Circuit Court of Appeals,[14] to which Wood appealed, made any findings that Wood's complaint was frivolous or filed in bad faith. As to this point, we do not view the Georgia court's determination that Wood's request for injunctive relief was without factual or legal merit as equivalent to a finding that his complaint was frivolous. To the contrary, our own ethical rules, by prohibiting a lawyer from asserting claims "unless there is a basis in law for doing so that is not frivolous,"[15] implicitly recognize that a claim ultimately found to lack a basis in law and fact can nonetheless be non-frivolous.

---

[11] *Page v. Oath, Inc.*, 2021 WL 82383, at *2 (Del. Super. Ct. Jan. 11, 2021).
[12] 501 F. Supp. 3d at 1331.
[13] 2021 WL 82383 at *2.
[14] *See Wood v. Raffensperger*, 981 F.3d 1307 (11th Cir. 2020).
[15] DPCR Rule 3.1.

6

(16)   More questionable yet was the court's insinuation that Wood was at least partially responsible for the troubling events that occurred at the United States Capitol on January 6, 2021—a topic not addressed in the Rule to Show Cause.

(17)   In reaching these conclusions, the Superior Court resolved factual issues raised in Wood's written response and did so on a paper record and in advance of a hearing that had been scheduled to address the matter.  And though the court said that its decision was not influenced by its conjecture that Wood's conduct had precipitated the traumatic events of January 6, its willingness to pin that on Wood without any evidence or giving Wood an opportunity to respond is indicative of an unfair process.

(18)   Both the tone and the explicit language of the Superior Court's memorandum opinion and order suggest that the court's interest extended beyond the mere propriety and advisability of Wood's continued involvement in the case before it.  In fact, one cannot read the court's order without concluding that the court intended to cast aspersions on Wood's character, referring to him as "either mendacious or incompetent"[16] and determining that he was not "of sufficient character"[17] to practice in the courts of our State.  We offer no opinion on the accuracy of these characterizations, but we see no evidence in the Superior Court's

[16] 2021 WL 82383 at *2.
[17] *Id.*

7

record that supports them. Similarly, the court's foray into the events of January 6 and its unequivocal finding that "[n]o doubt [Wood's] tweets . . . incited the [] riots,"[18] was not justified given the scope of the Rule to Show Cause and the record.

(19) Because the Superior Court's revocation order is based on factual findings for which there is no support in the record and because the court failed to explain why Wood's withdrawal would not moot the court's concerns about the appropriateness or advisability of Wood's continued admission, we find that the court's revocation order was an abuse of discretion.

(20) To be clear, when a lawyer admitted *pro hac vice* to practice in a trial court of this state is accused of serious misconduct in another state, the admitting trial court is not powerless to act. It might be appropriate to issue—as the court did in this case—a rule to show cause why the out-of-state lawyer's *pro hac vice* status should not be revoked, and to act upon that rule if cause is not shown. But when, as here, the allegations of misconduct in another state have not yet been adjudicated, there is no assertion that the alleged misconduct has disrupted or adversely affected the proceedings in this State, and the lawyer agrees to withdraw his appearance and *pro hac vice* admission, it is an abuse of discretion to preclude the lawyer's motion to withdraw in favor of an involuntary revocation of the lawyer's admission.

---

[18] *Id.*

8

NOW, THEREFORE, the Superior Court's January 11, 2021 Memorandum Opinion and Order revoking its August 18, 2020 Order granting Wood's application for admission to practice in this action *pro hac vice* is hereby VACATED.